990 F.2d 1265
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Sergio SAMANIEGO-VISCARRA, Defendant-Appellant.
 No. 92-30248.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 8, 1993.
Decided April 16, 1993.
 
 Before D.W. NELSON, TROTT and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant Sergio Samaniego-Viscarra appeals his indictment and subsequent conviction for illegal reentry by a deported alien, in violation of 8 U.S.C. § 1326 (1988). Samaniego asserts a violation of the Speedy Trial Act, 18 U.S.C. § 3161 et seq. (1988), because more than thirty days elapsed between his "arrest" by Immigration and Naturalization Service (INS) agents on October 18, 1991, and his indictment for illegal reentry on December 18, 1991. The district court denied Samaniego's motion to dismiss on those grounds on March 19, 1992.
 
 
 3
 We find no violation of the Speedy Trial Act. "[A]bsent a determination that the civil detention is a mere ruse to detain a defendant pending criminal prosecution, the provisions of the Speedy Trial Act do not apply to civil deportation detentions by the INS which result in later criminal prosecutions." United States v. Cepeda-Luna, No. 92-30057, slip. op. 2959, 2970 (9th Cir. March 30, 1993).
 
 
 4
 There is no evidence of a ruse in this case. Samaniego was convicted of selling heroin and sentenced to sixteen months imprisonment on July 16, 1990. Samaniego was ordered deported by an immigration judge on March 25, 1991, while he was still serving his sentence in the Oregon State Penitentiary. An administrative deportation hold, which was placed on Samaniego after his arrest for selling heroin, remained in effect. Upon completion of his state sentence, Samaniego went directly into county custody to serve a sentence on a traffic charge. On October 18, 1991, after his release from Multnomah county jail, Samaniego was taken into custody by the INS under an administrative deportation warrant issued pursuant to the deportation order. While in custody on that warrant, a U.S. Marshal's detainer was placed on Samaniego on November 15, 1991, for federal parole violations. A criminal indictment for illegal reentry was handed down on December 18, 1991.
 
 
 5
 Samaniego was taken into custody on October 18 pursuant to an administrative arrest warrant resulting from the order of deportation. This was no ruse to detain Samaniego until his later criminal indictment for illegal reentry. Therefore the provisions of the Speedy Trial Act do not apply to Samaniego's civil immigration detention.
 
 
 6
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3